United States District Court
For the Northern District of California

1

2

3                    IN THE UNITED STATES DISTRICT COURT

4                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6

7    STAHL LAW FIRM, et al.,

8                        Plaintiffs,              NO. C13-1668 TEH

9              v.                                 ORDER DENYING
                                                  DEFENDANT DI FIGLIA'S
10   JUDICATE WEST, et al.,                        MOTION FOR SANCTIONS

11                       Defendants.

12

13         This matter came before the Court on January 13, 2014, on Defendant Judge Vincent

14   P. Di Figlia (Ret.) ("Di Figlia")'s motion for sanctions pursuant to Rule 11 of the Federal

15   Rules of Civil Procedure.[1]  After carefully considering the parties' written and oral

16   arguments, the Court now DENIES Di Figlia's motion for sanctions against Plaintiffs

17   Norbert Stahl and the Stahl Law Firm ("Stahl")[2] for the reasons discussed below.

18         Rule 11 provides, in relevant part, that by presenting a pleading to the Court, an

19   attorney certifies that the pleading "is not being presented for any improper purpose, such as

20   to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that

21   "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(1), (b)(3). "If, judged

22   by an objective standard, a reasonable basis for the position exists in both law and in fact at

23   the time the position is adopted, then sanctions should not be imposed." *Larez v. Holcomb*,

24   16 F.3d 1513, 1522 (9th Cir. 1994) (citing *Golden Eagle Dist. Corp. v. Burroughs Corp.*, 801

25   _____

26   [1] All references to Rules hereinafter refer to the Federal Rules of Civil Procedure
     unless otherwise specified.  Judicate West, also a defendant in this case, did not move for
     Rule 11 sanctions and has taken no position in this motion.
27

28   [2] While Stahl refers to himself and his law firm in the plural, for simplicity, the Court
     refers to both as "Stahl."

United States District Court

For the Northern District of California

F.2d 1531, 1538 (9th Cir. 1986)).  "A party may move for Rule 11 sanctions if its adversary makes a frivolous filing or otherwise makes a contention for an improper purpose." *Islamic Shura Council of S. California v. F.B.I.*, 725 F.3d 1012, 1014 (9th Cir. 2013) (citation omitted).

Di Figlia moved for Rule 11 sanctions based on Stahl's filing of the Second Amended Complaint ("SAC").  Di Figlia provided Stahl with the required 21-day safe harbor to withdraw the SAC before moving for sanctions.  Fed. R. Civ. P. 11(c)(2); Docket No. 75. The Court dismissed the SAC with prejudice for lack of subject matter jurisdiction but the Court retains the ability to impose Rule 11 sanctions for filing a frivolous complaint. *See Branson v. Nott,* 62 F.3d 287, 293 (9th Cir. 1995).  Thus, the motion for sanctions is properly before the Court.

Di Figlia contends that the SAC is a legally frivolous filing brought for an improper purpose.  This contention must be examined in the context of the facts and procedural history of this case, and the Court's prior rulings.

On April 12, 2013, Stahl sued Defendants Judicate West and Di Figlia (collectively, "Defendants").  Stahl's complaint included four causes of action: unfair competition under the Lanham Act, 15 U.S.C. § 1125; unfair competition under California Business and Professions Code §§ 17200 *et seq.*; fraud; and negligence.  On June 21, 2013, Defendants filed special motions to strike Stahl's state law claims under California's anti-SLAPP statute, California Code of Civil Procedure § 425.16, and to dismiss the complaint in its entirety pursuant to Rule 12(b)(6).  On June 25, 2013, Stahl filed the First Amended Complaint ("FAC"), which eliminated the California causes of action and retained only the federal cause of action for false advertising under the Lanham Act.  Defendants subsequently withdrew their anti-SLAPP motions.

In the FAC, Stahl alleged that Defendant Judicate West is a provider of private dispute resolution services and sponsors neutrals, including retired judges such as Di Figlia, to serve as mediators and arbitrators.  FAC ¶¶ 7-17.  The gravamen of Stahl's Lanham Act claim was that both Defendants misrepresented their qualifications, experience, and reputation by

2

United States District Court

For the Northern District of California

1  failing to reveal in advertising or on Judicate West's website a January 9, 2007 opinion of the

2  Commission on Judicial Performance in which Di Figlia was issued a public admonishment.

3  *Id.* ¶¶ 21-41.  Defendants moved to dismiss the FAC under Rule 12(b)(6) and moved for

4  attorneys' fees as the prevailing party on their previously filed (and withdrawn) special

5  motions to strike pursuant to the California anti-SLAPP statute.

6  　　　The Court raised *sua sponte* the issue of whether Stahl had sufficiently alleged an

7  Article III injury-in-fact regarding Defendants' alleged false advertising.  "In a false

8  advertising suit, a plaintiff establishes Article III injury if some consumers who bought the

9  defendant's product under a mistaken belief fostered by the defendant would have otherwise

10 bought the plaintiff's product."  *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 825

11 (9th Cir. 2011) (internal quotations and citation omitted).  In the FAC, Stahl made only

12 conclusory allegations that he "and Defendants compete for providing legal services" and

13 that Defendants "have made false and misleading statements about their services that harmed

14 [Stahl's] ability to compete."  FAC ¶¶ 44-45.  The Court held that Stahl failed to allege any

15 facts showing that he competes with Defendants for the same business and customers or how

16 he could be harmed by Defendants' alleged false advertising.  Sept. 12, 2013 Order

17 Dismissing Case at 5 ("First Dismissal Order"), Docket No. 56 (citing *TrafficSchool.com*,

18 653 F.3d at 825, and noting, in part, that Stahl "nowhere pleads a 'chain of inferences'

19 showing how Defendants' alleged misrepresentations related to the provision of alternative

20 dispute resolution services could possibly cause competitive harm to his provision of legal

21 services.").

22 　　　The Court's conclusion that Stahl failed to allege an injury in fact was reinforced by

23 his answers to the Court's questions during oral argument.  In fact, the Court observed that

24 Stahl "gave evasive answers to relatively simple questions about whether he acts as a

25 mediator or otherwise competes with Defendants."  First Dismissal Order

26 at 9 n.3; *see also id.* at 6-9 (citing hearing transcript).  The Court further noted that:

27 　　　　　This is not the first time a court has found [Stahl] to be evasive.  On
　　　　　February 15, 2013, less than two months before [Stahl] initiated this
28 　　　　　false advertising case, the San Diego Superior Court ordered the
　　　　　appointment of Defendant Di Figlia as a discovery referee in *Stahl*

3

**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10

> *Law Firm v. Apex Medical Technologies, Inc. et al.* (Case No. 37-2010-00097839-CU-CO-CTL), pursuant to California Code of Civil Procedure section 639. Docket No. 36-3. In Attachment 2a to the Order Appointing Referee, Judge William S. Dato explained that Stahl's conduct during discovery warranted the appointment of a discovery referee. Judge Dato found that during his deposition, Stahl was "generally unable or unwilling to answer relatively simple questions about the documents he produced" and "consistently frustrated defense counsel's legitimate efforts by providing exceedingly evasive responses" on other topics. Order Appointing Referee, Docket 36-3 at 5-6. Judge Dato deemed this conduct "unacceptable gamesmanship of the highest order." *Id.* at 6. The Court does not take judicial notice of the "truth of the facts recited" by Judge Dato in Attachment 2a, but rather judicially notices the fact that Attachment 2a exists and was the basis for Judge Di Figlia's appointment as a discovery referee, "which is not subject to reasonable dispute over its authenticity." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (internal quotations omitted).

11  *Id.* While the Court questioned how Stahl could cure the deficiency that he does not compete

12  with Defendants, the Court nonetheless granted Stahl leave to "amend his complaint to

13  include specific factual allegations that could establish his Article III standing." First

14  Dismissal Order at 11.

15       On September 27, 2013, Stahl filed the SAC. The SAC is identical to the FAC, with

16  two exceptions: Stahl alleged that "Plaintiffs offer mediation services and Plaintiffs' ability

17  to compete for mediation services is adversely impacted by Defendants' false and misleading

18  advertising," and "Defendants' false and misleading statements in their internet advertising

19  about their services harmed Plaintiffs' ability to compete." SAC ¶¶ 45- 46. Defendants

20  moved to dismiss the SAC pursuant to Rule 12(b)(1) on the grounds that Stahl failed to

21  allege an Article III injury and thus standing, and pursuant to Rule 12(b)(6) because Stahl

22  failed to plead a Lanham Act claim. During oral argument, Stahl acknowledged that he has

23  never sponsored a mediator aside from himself and has never mediated as a neutral before.

24  Nov. 27, 2013 Order Dismissing Case at 10 ("Final Dismissal Order"), Docket No. 70.

25  Although he represented that he advertises his mediation services in person and over the

26  phone – and thus could conceivably compete with Defendants in the future – factual

27  allegations supporting that assertion were not contained in the SAC. *Id.* Because Stahl again

28  failed to plead facts on amendment that would establish that he suffered or will likely suffer

4

United States District Court
For the Northern District of California

1    the type of injury-in-fact required to establish Article III standing in the false advertising

2    context, the Court determined that further leave would be futile and dismissed the SAC with

3    prejudice.[3]

4          Di Figlia argues that Stahl's amendment of the SAC, which added only the allegations

5    in paragraphs 45 and 46, evinces an improper purpose – "to seek retribution against Judge Di

6    Figlia for his rulings as a discovery referee in the San Diego Superior Court matter," Reply at

7    4, Docket No. 73 – and also renders the SAC a frivolous filing in light of the Court's

8    instructions regarding leave to amend. Although the Court is troubled by Stahl's evasive

9    answers during questioning and his potential – but unproven – motives for bringing the suit,

10   "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating*

11   *Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Based on the

12   record in this case,[4] the Court cannot conclude that Stahl's filing of the SAC or initiation of

13   the lawsuit was motivated by an improper purpose such as to harass, cause unnecessary

14   delay, needlessly increase the cost of litigation, or otherwise violates Rule 11. While Stahl's

15   minimal addition of allegations in the SAC was insufficient to constitute an Article III injury-

16   in-fact, the Court cannot say that the amendment was objectively frivolous so as to warrant

17   sanctions. Accordingly, the Court DENIES the motion for Rule 11 sanctions against Stahl.

18   The Clerk shall close the file.

19

20   **IT IS SO ORDERED.**

21

22   Dated: 01/27/14

23                           THELTON E. HENDERSON, JUDGE
                        UNITED STATES DISTRICT COURT

24

25

26       [3] The Court additionally held that, in the alternative, dismissal would have been proper pursuant to Rule 12(b)(6) because Stahl failed to state a Lanham Act claim. Final Dismissal Order at 13.

27

28       [4] While the Court has judicially noticed that Judge Dato issued an order appointing Judge Di Figlia as a discovery referee based on what he deemed Stahl's "unacceptable gamesmanship of the highest order," the Court does not take judicial notice of the truth of underlying facts prompting the order. *See* First Dismissal Order at 9 n.3.